IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GERARD DAVIS, | ) | CASE NO. 1:11 CV 2327 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| MIKE DEWINE, | ) | |
| | ) | |
| Defendant. | ) | |

*Pro se* Plaintiff Gerard Davis filed the above captioned action under 42 U.S.C. § 1983 against Ohio Attorney General Mike DeWine. In the Complaint, Plaintiff asserts he is required to register as a sexual offender under Ohio's version of the Adam Walsh Act ("AWA"), in violation of the Separation of Powers Doctrine, the *Ex Post Facto* Clause and Due Process Clause of the United States Constitution. He seeks injunctive relief and monetary damages.

Plaintiff also filed an Application to Proceed *In Forma Pauperis*. That Application is granted.

**Factual and Procedural Background**

Gerard Davis was indicted on July 8, 1983 on two counts of rape of a child under the age of thirteen and one count of child endangering. *See State of Ohio v. Davis*, No. 48038, 1984 WL 6325

(Ohio App. 8 Dist. Dec. 5, 1984). He was convicted by a jury on all three counts on December 15, 1983 and sentenced to life in prison. He was released on parole on October 27, 2003.

Ohio enacted its version of "Megan's Law"[1] which became effective July 1, 1997. *See* former OHIO REV. CODE § 2950; *State v. Cook*, 83 Ohio St.3d 404, 406 (1998). Megan's Law modified existing sex offender classifications and registration requirements, and classified those individuals convicted of sexual offenses as either "sexually oriented offenders", "habitual sex offenders", or "sexual predators." Classification as a "sexually oriented offender" occurred by operation of law, and carried the least restrictive registration requirements. A "sexually oriented offender" was required to register with the sheriff in the counties of his/her residence, employment, and school annually for a period of ten years. This registration was not subject to community notification, and as such, the information the offender was required to provide to the sheriff was not shared with the public. Classification as a "habitual sex offender" or a "sexual predator" was accomplished through a court hearing during which the offender was provided with counsel. An individual classified as a "habitual sexual offender" or a "sexual predator" was required to register his or her addresses annually for 20 years. The "sexual predator" was always subject to the community notification provisions. A "habitual offender" was subject to community notification on a case by case basis. In those cases where notification was imposed, the sheriff provided all neighbors residing within 1,000 feet of the offender's residence with the offender's name, address, offense of conviction, classification and photograph. An offender's failure to comply with the terms of Megan's Law subjected the offender to felony criminal prosecution.

---

[1] The law was enacted in memory of Megan Kanka, a 7-year-old New Jersey girl who was sexually assaulted and murdered in 1994 by a neighbor.

The AWA, enacted on June 30, 2007, Ohio House Bill 10, amended Ohio's version of Megan's Law by restructuring the offender classification scheme and modifying registration and community notification requirements. The AWA now classifies offenders by statute as "Tier I", "Tier II", and "Tier III" based solely on the offense of conviction. No consideration is given to the offender's risk to the community or likelihood of recidivism. A Tier I offender is required to register with the sheriff in the counties of his or her residence, employment, and school annually for 15 years. A Tier II offender is required to register every 180 days for 25 years. A Tier III offender is required to register every 90 days for life. In addition, all offenders are now required to submit their name, aliases, social security number, date of birth, name and address of employer, name and address of school if any, photograph, copies of travel and immigration documents, license plate numbers for each vehicle owned, driven for work or regularly available to the offender, description of location where all such vehicles are stored, driver's license number or state ID number, description of each professional and occupational license, permit or registration held by the offender, and any email addresses, internet identifiers or telephone numbers registered to or used by the offender. All Tier III offenders are also subject to community notification under the AWA, regardless of his or her previous notification status. Moreover, all individuals convicted of sexually oriented offenses are now subject to expanded residency restrictions which prohibit the offenders from residing within 1,000 feet of a school, preschool or day care facility. The AWA provides prison terms of up to ten years for failing to register or verify an address, and applies retroactively to all offenders who had a duty to register under Megan's Law as of July 1, 2007.

Plaintiff originally was declared to be a sexually oriented offender under the Ohio Megan's Law and was required to register with the sheriff of his county of residence for a period of ten (10)

years.[2] Upon the enactment of Ohio's AWA in 2007, Plaintiff was reclassified as a "Tier III Sex Offender" and is required to register every 90 days for the remainder of his life. He is also now subject to community notification. Plaintiff claims the increased requirements of the AWA constitute an *ex post facto* violation and deprive him of due process. He also contends the statute violates the Separation of Powers doctrine.

## Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[3] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled

---

[2] It is not clear from the Complaint when Plaintiff was first required to register as a sexually oriented offender under Megan's Law. He was released on parole in October 2003. The Notice of Registration Duties is dated October 27, 2006. *See Davis v. Mason*, No. 1:09 CV 2288 (N.D. Ohio dismissed Dec. 31, 2009)(Oliver, J.)(ECF No. 1-1 at 1.)

[3] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

to relief." *Ashcroft v. Iqbal* , 129 S.Ct. 1937, 1949 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

**Discussion**

**I.     Res Judicata**

This is Plaintiff's third attempt to raise these claims in this Court. He first filed a civil rights action against Cuyahoga County Prosecutor William D. Mason and former Cuyahoga County Sheriff Gerald McFaul on October 5, 2009 asserting that the new requirements of the AWA constituted an *ex post facto* violation and denied him due process. *See Davis v. Mason*, No. 1:09 CV 2288 (N.D. Ohio dismissed Dec. 31, 2009)(Oliver, J.). That case was considered on its merits and dismissed on December 31, 2009. Plaintiff then filed a second civil rights action against Mason and McFaul on June 1, 2010 asserting identical claims. *See Davis v. Mason*, No. 1:10 CV 1223 (N.D. Ohio dismissed July 29, 2010)(Nugent, J.). That action was dismissed citing the doctrine of *res judicata*. Plaintiff has now filed a third action in this court using the same Complaint with minor alterations. He merely substitutes Ohio Attorney General Mike DeWine as the Defendant. The first two claims are identical, and in fact, use the same Complaint verbatim as he used for his previous actions. He

adds a claim for violation of separation of powers in this action.

The change of Defendants and the addition of a claim will not help the Plaintiff to avoid the bar of *res judicata*. The doctrine of *res judicata* dictates that a final judgment on the merits of a claim precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990). It bars relitigation of every issue actually brought before the Court and every issue or defense that should have been raised in the previous action. *Id.* The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. *Westwood Chemical Co. v. Kulick*, 656 F.2d 1224 (6th Cir. 1981). A subsequent action will be subject to a *res judicata* bar only if there is an identity of the facts creating the right of action and of the evidence necessary to sustain each action. Both of these requirements are met in this case. Plaintiff is therefore precluded from litigating this matter for a third time.

## II. State Law Matters

This Court is aware that the Ohio Supreme Court has declared Ohio Revised Code § 2950 to be in violation of the Ohio Constitution as applied to individuals who committed offenses of unlawful sexual conduct prior to the amendment to the statute. *See State v. Williams*, 129 Ohio St. 3d 344, 350 (2011); *State v. Bodyke*, 126 Ohio St. 3d 266, 279 (2010). These cases were decided as matters of state law. Every federal circuit court of appeals to consider whether the Sex Offender Registration and Notification Act (SORNA), passed by Congress as part of the federal Adam Walsh Act, is constitutional has held that it may be retroactively applied to sex offenders who committed

sex offenses prior to its enactment.[4]

This Court also notes that Plaintiff filed a civil action in the Cuyahoga County Court of Common Pleas contesting the Application of the Adam Walsh Act on January 29, 2008. *See Davis v. State of Ohio*, No. CV-08-649103 (Cuyahoga Cty. Ct. Comm. Pl. filed Jan. 29, 2008)(Russo, J.)[5] The court stayed his petition on February 15, 2008 pending the Ohio Supreme Court's rulings in *Williams* and *Bodyke*. Plaintiff was instructed by the Common Pleas Court to file a Motion to Reinstate in order to reactivate his case. Plaintiff has not yet filed a Motion to Reinstate his case. It is currently stayed and pending. *Id.*

A federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971). Abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). All of these factors are present here. Plaintiff has a pending case that can be activated by filing a Motion to Reinstate. It involves matters of state law and there is every reason to believe the Ohio courts will consider his case in light of the Ohio Supreme Court precedents set

---

[4] *See United States v. DiTomasso*, 621 F.3d 17, 25 (1st Cir. 2010); *United States v. Guzman*, 591 F.3d 83, 94 (2d. Cir. 2010); *United States v. Shenandoah*, 595 F.3d 151, 158–159 (3d. Cir. 2010); *United States v. Gould*, 568 F.3d 459, 466 (4th Cir. 2009); *United States v. Young*, 585 F.3d 199, 203–206 (5th Cir. 2009); *United States v. Samuels*, No. 08-5537, 2009 WL 877698 (6th Cir. April 2, 2009), overruled on other grounds by *United States v. Utesch* 596 F.3d 302, 309, fn. 6 (6th Cir. 2010); *United States v. May*, 535 F.3d 912, 919–920 (8th Cir. 2008); *United States v. George*, 625 F.3d 1124, 1131 (9th Cir. 2010); *United States v. Hinckley*, 550 F.3d 926, 936–938 (10th Cir. 2008); *United States v. Ambert*, 561 F.3d 1202, 1207 (11th Cir. 2009).

[5] Cuyahoga County Court of Common Pleas dockets can be viewed at: http://cpdocket.cp.cuyahogacounty.us/

in *Williams* and *Bodyke*.

## Conclusion

Accordingly, Plaintiff's application to Proceed *In Forma Pauperis* is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[6]

IT IS SO ORDERED.

_____
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: *December 7, 2011*

---

[6] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

-8-